IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES D. BANKS | ) CASE NO. 1:10CV1346 |
| Plaintiff, | ) |
| | ) JUDGE KATHLEEN M. O'MALLEY |
| v. | ) |
| | ) |
| DEPARTMENT OF REHABILITATION | ) MEMORANDUM OF OPINION |
| AND CORRECTION | ) AND ORDER |
| | ) |
| Defendant. | ) |

Plaintiff *pro se* James D. Banks, incarcerated in the Richfield Correctional Institution, located in Richfield, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. He alleges that he is being held illegally "in violation of the ex-post facto laws" and in the absence of due process. He seeks monetary compensation for his alleged illegal detention. No specific facts are stated in his claim in support of these general legal assertions.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Because he alleges that he is entitled to monetary relief for his unconstitutional detention, a

resolution of that claim would require the Court to express an opinion as to the validity of Plaintiff's conviction. The Court may not enter an order implicating the validity of any criminal conviction in the context of an action under 42 U.S.C. § 1983. Absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, there can be no cause of action under § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. §1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality or constitutionality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009). Therefore, Plaintiff's Complaint must be dismissed.

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

                                         **s/ Kathleen M. O'Malley**
                                         JUDGE KATHLEEN M. O'MALLEY
                                         UNITED STATES DISTRICT JUDGE

DATED: August 19, 2010